UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JERRY CANKAT,

                          Plaintiff,                **ORDER**
                                                                  15-CV-5219 (MKB) (RLM)
                          v.

CAFE IGUANA, INC. and PALATIAL
COMPANY, LLC,

                          Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Jerry Cankat commenced this action on September 9, 2015, against Defendants Cafe Iguana, Inc. and Palatial Company, LLC, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Florida Accessibility Code. (Compl., Docket Entry No. 1.) As of the date of this Order, Plaintiff has not served the Complaint on Defendants. On February 12, 2016, Magistrate Judge Roanne L. Mann directed Plaintiff to show cause by February 19, 2016, why the action should not be dismissed for failure to effect service within 120 days, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,[1] and for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Order to Show Cause dated Feb. 12, 2016.) Judge Mann warned Plaintiff that failure to comply with the order would result in a recommendation that the case be dismissed with prejudice and that sanctions be imposed on Plaintiff's counsel. (*Id.*)

---

[1] Pursuant to amendments to the Federal Rules of Civil Procedure that took effect on December 1, 2015, the deadline for service pursuant to Rule 4(m) has subsequently been changed from 120 days to 90 days. Fed. R. Civ. P. 4(m). Judge Mann appropriately applied the pre-amendment rule based on the September of 2015 filing date.

On March 2, 2016, twelve days after Plaintiff's deadline, Plaintiff responded to the order to show cause and stated that he had "not yet been able to properly effectuate service of the Complaint" although the "summons have been issued and sent out for service of process." (Pl. Resp. to Order to Show Cause 1, Docket Entry No. 6.) Plaintiff provided no further explanation for the delay in service and requested thirty additional days to serve Defendants. (*Id*. at 2.) By Report and Recommendation dated March 8, 2016 ("R&R"), Judge Mann recommended that the Court dismiss Plaintiff's claims without prejudice for failure to timely serve Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (R&R 2, Docket Entry No. 7.) Plaintiff has not opposed the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Mann's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed without prejudice for failure to timely serve Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 7, 2016
       Brooklyn, New York